IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SAMUEL WILLIAMS,  )
               Plaintiff,  )
  )
vs.  ) Civil Action No. 10-1534
  ) U.S. Magistrate Judge Maureen P. Kelly
PRISON HEALTH CARE SYSTEMS,  )
DR. ALLEN SNYDER, NURSE STACY  ) [ECF Nos. 12 & 29]
LATKANICH, ADMINISTRATOR LORI  )
KWISNEK, ANGIE MARHEFKA  )
(Grievance Coordinator), TONI COLLAND, )
KRISTEN P. REISINGER (Chief  )
Grievance Officer), DORINA VARNER  )
(Chief Grievance Officer),  )
SUPERINTENDENT MELVIN S.  )
LOCKETT, SUPERINTENDENT  )
JOSEPH F. MAZURKIEWICZ,  )
Correctional and Health Care  )
Administration sued in their individual and  )
official capacities,  )
               Defendants.  )

## OPINION

**KELLY, Magistrate Judge**

Plaintiff, Samuel Williams ("Williams"), an inmate at the State Correctional Institution at Greensburg ("SCIG"), has brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his rights under the Eighth and Fourteenth Amendments to the Constitution by disregarding his health care needs and that, as a result, he is legally blind in his right eye. Defendants Prison Health Services, Inc. ("PHS") and Dr. Snyder (collectively, "the Medical Defendants"), and Defendants Nurse Stacy Latkanich, Administrator Lori Kwisnek, Grievance Coordinator Angie Marhefka, Toni Colland, Chief Grievance Officer Kristen P. Reisinger, Chief Grievance Officer Dorina Varner, Superintendent Melvin S. Lockett, and Superintendent Joseph F. Mazurkiewicz (collectively, "the DOC Defendants"), have filed

motions to dismiss which are presently before the Court. For the reasons that follow, both motions will be granted.

I.     FACTUAL AND PROCEDURAL BACKGROUND

According to the Complaint, Williams had a boil on his face that he brought to the attention of the medical staff at SCIG in or about February of 2006. [ECF No. 3 ¶ 18]. Williams alleges that Dr. Snyder recommended that the boil be cut open and drained but the recommendation was ignored by the medical staff who told Williams it would go away. It was not until February of 2010, when the boil became infected, that he was given a shot for the infection. [Id. at ¶¶ 19-21].

Williams also alleges that "he filed a number of requests and sick call slips" with the medical staff complaining about a sandy feeling in his eye but received no treatment even though one of the correctional officers called the medical staff on his behalf. [Id. at ¶¶ 23-24]. Williams was subsequently rushed to the emergency room at Westmoreland County Hospital after fluid began to run from his eye. He was later transferred to the University of Pittsburgh Medical Center ("UPMC") where he was seen by Dr. Freisberg and operated on for a detached retina. [Id. at ¶ 26]. Williams contends that upon his return to SCIG, Defendants failed to comply with Dr. Freisberg's post-operative instructions that he was to be single celled, cell fed and given certain pain medications. [Id. at ¶ 27]. In particular, Williams alleges that Nurse Stacy Latkanich declined to administer the pain medication prescribed by Dr. Freisberg because they contained steroids; that Dr. Snyder acted negligently and with deliberate indifference by failing to compel his assistant to provide Williams with the prescribed medication; that the Health Care Administrator violated his Eighth Amendment rights by failing to properly train the

medical personnel to provide proper health care; and that, by failing to prevent the harm, the remaining Defendants violated his rights under the Eighth and Fourteenth Amendments. [Id. at ¶¶ 28, 37-40, 42-44].

Williams filed the instant Complaint on November 17, 2010, to which he has attached copies of the grievances he filed and the review letters he received as Exhibits E, F, G, J, K and L. The Medical Defendants and the DOC Defendants filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on January 11, 2011 and February 4, 2011, respectively, which are now ripe for review. [ECF Nos. 12, 29].

## II. STANDARD OF REVIEW

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the Court must accept as true all allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Public Employees' Retirement System v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations; rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under

Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

### III. DISCUSSION

#### A. The Medical Defendants' Motion

The Medical Defendants contend that the § 1983 claims brought against them by Williams are properly dismissed because he has not only failed to state a claim of deliberate indifference or pled sufficient facts to show that PHS was personally involved in the alleged wrongs, but that Williams' claims are barred by the applicable statute of limitations. Because it appears that the majority of Williams' claims are, indeed, untimely the Court will address the latter argument first.

Congress did not specify a statute of limitations for actions arising under 42 U.S.C. § 1983.[1] Wilson v. Garcia, 471 U.S. 261, 266 (1985), *superseded by statute as recognized in*, Kasteleba v. Judge, 325 Fed. Appx. 153, 156 (3d Cir. April 28, 2009). Courts, therefore, are to consider § 1983 actions as tort actions and borrow the statute of limitations for personal injury or tort actions from the appropriate state. Wilson v. Garcia, 471 U.S. at 278. The state statute of limitations for personal injury/tort actions in Pennsylvania is two (2) years. 42 Pa. C.S.A. § 5524. See Smith v. Holtz, 87 F.3d 108, 111 n.2 (3d Cir. 1996). As such, for §1983 actions

---

[1] Section 1983 provides, in pertinent part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

brought in the federal courts located within the Commonwealth of Pennsylvania, the appropriate limitations period is two years. Id.

The statute of limitations requires that a complaint be filed within its time limits from the time a cause of action accrues. See Sprint Communications Co., L.P. v. F.C.C., 76 F.3d 1221, 1226 (D.C. Cir. 1996). The date of accrual for claims brought under §1983 is governed by federal law. Wallace v. Kato, 549 U.S. 384, 388 (2007); Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998). Under federal law "'the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action.'" Montgomery v. De Simone, 159 F.3d at 126, quoting Genty v. Resolution Trust Corp, 937 F.2d 899, 909 (3d Cir. 1991). See Wallace, 549 U.S. at 388 ("[I]t is the standard rule that [accrual occurs] when the plaintiff has a complete cause of action ... that is, when the plaintiff can file suit and obtain relief") (internal quotations and citations omitted). The statute of limitations applicable to § 1983 actions, however, may be tolled while the prisoner exhausts administrative remedies. See Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005); Johnson v. Rivera, 272 F.3d 519, 522 (7th Cir. 2001). See also Paluch v. Sec'y Pennsylvania Dep't Corr., 2011 WL 3652418 at *3 (3d Cir. Aug. 19, 2011). Thus, Plaintiff was required to file a complaint within two years of the date he knew or had reason to know of his alleged injuries plus the time it took to exhaust administrative remedies.

Here, the majority of Williams' claims revolve around events that occurred in 2006. Specifically, he alleges that he was denied treatment for a boil on his face in February of 2006; that following his surgery in July of 2006, he was not given the medications prescribed by Dr. Freisberg or given a follow-up appointment; and that Defendants failed to treat the sandy feeling

in his eye that he complained about on July 23, 2006, when he was apparently seen at the UPMC emergency department. [See ECF No. 3-4]. The record also demonstrates that Williams lost his sight sometime prior to December 4, 2006. [See ECF No. 3-5]. Thus, as to these claims, Williams was required to file a complaint within two years, or by December 4, 2008, at the latest, plus the length of time it took to exhausts administrative remedies. Williams filed a grievance complaining of Defendants' "inadequate attention and deliberate indifference" in treating the problems with his eye on December 4, 2006. [Id.]. The final review of the grievance was completed on April 27, 2007. [ECF No. 3-7]. As such, the statute of limitations was tolled for approximately five months at the most -- from December 4, 2006 to April 27, 2007. As a result, the statute of limitations expired at the end of April 2009. Williams, however, did not file the instant Complaint until November of 2010, which was clearly beyond the statute of limitations period. Williams' claims revolving around events that occurred in 2006 are therefore time barred.[2]

The only claim that arguably falls outside the limitations period is Williams' assertion that his request in July of 2009 to see a dermatologist to treat the infected boil on his face was ignored.

The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide basic medical treatment to those whom it has incarcerated and that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and

---

[2] Moreover, Williams has submitted a letter that he received from an attorney dated August 1, 2008, in which the attorney declined to represent Williams but advised him that the "statute of limitations will run on the date on which you became blind . . . ." Although it was unclear from the record available to the attorney precisely when William lost his sight, it is clear from the record presently before the Court that it was sometime before December 4, 2006. Thus, Williams was on notice as of August 1, 2008 that, notwithstanding the five month tolling period, he had until December 4, 2008, at the latest, to file a complaint yet chose not to do so for almost another two years.

wanton infliction proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). Thus, in order to establish an Eighth Amendment violation, Plaintiff must demonstrate: (1) a serious medical need; and (2) that Defendants were deliberately indifferent to that need. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004).

In order to establish deliberate indifference, a "plaintiff must make an 'objective' showing that the deprivation was 'sufficiently serious,' or that the result of defendant's denial was sufficiently serious. Additionally, a plaintiff must make a 'subjective' showing that defendant acted with a 'sufficiently culpable state of mind.'" Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002), citing Wilson v. Seiter, 501 U.S. 294, 298 (1991). Allegations of negligence or medical malpractice are not sufficient to establish a Constitutional violation as the "inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' . . . ." Rouse v. Plantier, 182 F.3d at 197, quoting Estelle, 429 U.S. at 105. See Spruill, 372 F.3d at 235 (neither claims of medical malpractice nor disagreements regarding the proper medical treatment are actionable).

In this case, it is not at all clear that the boil on Williams' face constitutes a serious medical need in the first instance. Indeed, Williams has alleged nothing more than that in July of 2009, "[one] of the nurses stated she *believed* it was staff," and that he consequently filed a request to see a dermatologist. [ECF No. 3, ¶ 20 (emphasis added)]. See Brown v. Thomas, 2010 WL 715394 at * 6-7 (D.N.J. Feb. 24, 2010) (finding that absent a diagnosis of a MRSA infection, an infected boil is not a serious medical need); Jackson v. Douglas, 270 Fed. Appx. 462, 463 (8th Cir. 2008) (holding that boils on the plaintiff's arm and chest did not constitute an

7

objectively serious medical need); Hatcher v. Salyers, 2008 WL 686758 at *2 (W.D. Va. March 13, 2008) (finding that the plaintiff's self-diagnosis that the bump was a boil or abscess "states nothing more than a disagreement with the medical staff's judgment that no treatment was required at that point").

Moreover, Williams' request to see a dermatologist was directed to a DOC staff member and not to the Medical Defendants. Thus, even if the boil could be considered a serious medical need, absent an assertion that the Medical Defendants were aware of and denied his request for treatment with a dermatologist, he has failed to state a claim of deliberate indifference against them. As such, Williams' claims brought against the Medical Defendants revolving around the denial of dermatological treatment in July of 2009 is properly dismissed as well.[3]

### B. The DOC Defendants' Motion

Although the DOC Defendants have not argued in their brief that Williams' claims are barred by the statute of limitations, the above discussion regarding the untimeliness of Williams' claims brought against the Medical Defendants is equally applicable to those same claims brought against the DOC Defendants. As such, to the extent that Williams' claims brought against the DOC revolve around the events that occurred in 2006, those claims are time barred and properly dismissed. See Paluch v. Sec'y Pennsylvania Dep't Corr., 2011 WL 3652418 at * 3 n. 2, citing Jones v. Bock, 549 U.S. 199, 215 (2007) ("[a]lthough the statute of limitations applicable to § 1983 actions is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss sua sponte under § 1915(e)(2) a complaint whose untimeliness is

---

[3] Having found that all of Williams' claims brought against the Medical Defendants are either barred by the statute of limitations or dismissed for failure to state a claim, the Court need not, and has not, addressed the Medical Defendants' remaining arguments that Williams has failed to allege that PHS was personally involved in the alleged wrongs or that Williams is not entitled to punitive damages.

apparent from the face of the record"). Remaining then are Williams' Section 1983 claims that the DOC Defendants were deliberately indifferent to his medical needs in violation of his Eighth and Fourteenth Amendment rights by ignoring his request made in July of 2009 to see a dermatologist and/or failing to prevent the harm after they were made aware that his request to see a dermatologist was ignored.[4]

The Court of Appeals for the Third Circuit has held, however, that prison officials who are not physicians cannot be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor. Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993). See Spruill v. Gillis, 372 F.3d at 236 ("[a]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official [ ] will not be chargeable with the Eighth Amendment *scienter* requirement of deliberate indifference"). Moreover, "[i]n order to charge a non-medical prison official with the Eighth Amendment *scienter* requirement of deliberate indifference, a plaintiff 'bears the burden of proving . . . facts supporting the defendants' mental state.'" Huskins v. Beard, 2004 WL 2223307 at *6 (E.D. Pa. Oct. 1, 2004), citing Spruill, 372 F.3d at 236. See Singletary v. Pennsylvania Department of Corrections, 266 F.3d 186, 192 n. 2 (3d Cir. 2001). Plaintiff's disagreement with medical judgment is not enough. Indeed, "[p]rison administrators and the nursing staff of the prison

---

[4] Williams' Fourteenth Amendment substantive due process claim is properly analyzed under the standard applicable to the Eighth Amendment. See Graham v. Connor, 490 U.S. 386, 395 (1989) (where there is "an explicit textual source of constitutional protection" for a plaintiff's claim, the standard applicable to that source should be applied and "not the more generalized notion of substantive due process"); Natale v. Camden Co. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003) (finding that the plaintiff's Fourteenth Amendment claim for inadequate medical care is properly evaluated under the standard applicable to similar claims brought under the Eighth Amendment); Birckbichler v. Butler Co. Prison, 2009 WL 2986611 at *4 n. 4 (W.D. Pa. Sept. 17, 2009 ("[t]he standards under the Eighth Amendment and the standards under the Fourteenth Amendment insofar as concerns convicted prisoners, are fundamentally identical").

infirmary cannot be found deliberately indifferent for failing to defer to an inmate's judgment about appropriate diagnostic care when it contradicts the recommendations of the treating physician." Fillebrown v. Zettlemoyer, 1996 WL 460051 at *3 (E.D. Pa. Aug. 9, 1996), citing Durmer v. O'Carroll, 991 F.2d at 68. See also Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) (an inmate's mere disagreement as to the proper course of medical treatment is insufficient to establish a constitutional violation).

Here, none of the DOC Defendants are physicians but rather are administrators or grievance officers.[5] Under Durmer, they cannot be found deliberately indifferent under the Eighth Amendment standard absent a showing that the prison doctors were either mistreating or not treating Williams and that Defendants had actual knowledge of the mistreatment.

Williams, however, has failed to plead any facts which would indicate that the DOC Defendants were aware of his request to see a dermatologist. Williams merely states that he filed a request but was not treated until February of 2010, when the boil became infected, and cites to the request form he submitted as Exhibit A to the Complaint. [ECF No. 3-1]. Exhibit A, however, establishes that Williams' request, which was made on July 23, 2009, was directed to an unnamed "staff member" and not to any of the DOC Defendants. Further, Williams' suggestion that the DOC Defendants were aware that his request to see a dermatologist was ignored because he filed a grievance regarding Defendants' failure to treat the boil on his face is not supported by the exhibits he has offered in support thereof. Although Exhibit J to the Complaint is a copy of a grievance that Williams filed after his request to see a dermatologist was denied, it addresses the Medical Defendants' failure to treat his eye properly and does not

---

[5] Although Nurse Stacy Latkanich is clearly in the medical profession, she is not a physician. Moreover, the only claim Williams has brought against her revolves around the failure to administer the medications prescribed by Dr. Freisberg following Williams' surgery in 2006, and is time barred.

concern the treatment of the boil on his face. [ECF No. 3-10]. Moreover, after Williams' intermediate appeal of that grievance was denied by the Superintendent Mazurkiewicz, his appeal at the final level was dismissed because Williams failed to provide the required documentation for proper review despite being reminded to do so. [ECF Nos. 3-11, 3-12]. Thus, the evidence submitted by Williams in lieu of any factual allegations in the Complaint does not support a finding that the DOC Defendants were aware of or ignored his request to see a dermatologist. Accordingly, Williams has failed to state a claim of deliberate indifference against the DOC Defendants and those claims are properly dismissed as well.

Finally, Williams states in the Complaint that he "also alleges torts of official oppression and abuse of office under state law." [ECF No. 3, ¶ 5]. Where all claims over which the court has original jurisdiction have been dismissed, however, the district court may decline to exercise supplemental jurisdiction over the remaining claims. 28 U.S.C. § 1367(c)(3). Although declining to exercise jurisdiction is within the discretion of the district court, the United States Court of Appeals for the Third Circuit has held that absent extraordinary circumstances the court should decline to exercise pendent jurisdiction where the federal claims are no longer viable. Bright v. Westmoreland Cnty., 380 F.3d 729, 751 (3d Cir. 2004). Because there does not appear to be any extraordinary circumstances surrounding this case that would warrant the exercise of supplemental jurisdiction over Williams' state law claims they too are properly dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Medical Defendants' Motion to Dismiss [ECF No. 12] and the DOC's Defendants' Motion to Dismiss [ECF No. 29] are GRANTED.

An appropriate order follows.

By the Court,

/s/ Maureen P. Kelly
United States Magistrate Judge

Dated: 13 October, 2011

cc: Samuel Williams
EQ-0381
SCI Greensburg
153 S.C.I. Lane
Greensburg, PA 15601-9103

All Counsel of Record via CM/ECF